IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV67-02-MU

```
WILLIAM RILEY,               )
     Petitioner,             )
                             )
     v.                      )     ORDER
                             )
GEORGE SNYDER, Warden;       )
and                          )
U.S. PAROLE COMMISSION,      )
     Respondents.            )
_____)
```

**THIS MATTER** comes before the Court on initial review of the petitioner's Petition under 28 U.S.C. §2241, filed February 27, 2006.

The petitioner's status as a state or federal prisoner is not clear. Indeed, while he is in custody at the Rivers Correctional Institution in Winton, North Carolina--a privately run prison with whom the Federal Bureau of Prisons has a contract, he claims that his illegal detention stems from a 1987 conviction which he sustained in the District of Columbia. In that case, the petitioner's Petition fails to reveal any connection between himself and this Judicial District.

Title 28 U.S.C. §2241(d) provides in pertinent part:

> Where an application for a writ of habeas
> Corpus is made by a person in custody under
> the judgment and sentence of a State court
> of a State which contains two or more
> Federal judicial districts, the application
> may be filed in the district court for

>   the district wherein such person is in custody
>   or in the district court for the district
>   within which the State court was held which
>   convicted and sentenced him and each of such
>   district courts shall have concurrent juris-
>   diction to entertain the application.

Furthermore, it is well settled that "[w]henever a §2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should . . . file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); accord United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004); United States v. Bailey, 2006 WL 15011 (4th Cir. 2006).

Inasmuch as the petitioner has failed to demonstrate either that the conviction which he is challenging or that his current confinement is in any way connected with the Western District of North Carolina, this action cannot be maintained in this Judicial District. Therefore this matter must be dismissed, without prejudice to the petitioner's right to refile his Petition in the proper judicial district.

**SO ORDERED.**

Signed: March 8, 2006

Graham C. Mullen
United States District Judge